UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| SEAN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20 CV 25 CDP |
| | ) | |
| MYLES STRID,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Sean Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2254. I will deny the petition.

### **Procedural History**

Johnson is currently incarcerated at MCC pursuant to a judgment and sentence of the St. Louis City Circuit Court. On May 5, 2017, Johnson pleaded guilty as a prior and persistent offender to second-degree assault and armed criminal action, admitting that he committed such offenses on January 15, 2013. The circuit court sentenced Johnson to a fifteen-year term of imprisonment on the assault charge and to a consecutive five-year term of imprisonment on the armed-

---

[1] Petitioner is currently incarcerated at the Moberly Correctional Center (MCC) in Moberly, Missouri. Because Myles Strid is the current Warden at MCC, he is substituted for Scott Weber as proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

criminal-action charge. Johnson filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035 on July 25, 2017. Appointed counsel filed an amended motion on November 27, 2017. The post-conviction motion court denied the motion on March 11, 2019, without a hearing. The Missouri Court of Appeals affirmed the denial of relief on March 10, 2020. *Johnson v. State*, 595 S.W.3d 582 (Mo. Ct. App. 2020) (order) (per curiam).

Johnson timey filed this habeas petition on May 4, 2020, challenging only the sentence imposed on the assault charge. He raises one claim for relief: That the fifteen-year sentence exceeds the maximum permissible sentence for assault second degree, thereby depriving him of due process and of his right to be free from cruel and unusual punishment. Johnson raised this claim in his motion for post-conviction relief and on appeal of its denial. Respondent argues that I must deny the petition because Johnson's constitutional claim turns on the Missouri state court's interpretation and application of state law, which I cannot review on federal habeas. For the following reasons, I agree and will deny the petition.

## Discussion

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990). It is well established that "federal habeas corpus relief does not lie

for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). *See also Nance v. Norris*, 392 F.3d 284, 289 (8th Cir. 2004) (noting that "errors of state law are not cognizable in federal habeas courts"). In a federal habeas proceeding, I review claims of error "only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." *Brende v. Young*, 907 F.3d 1080, 1084 (8th Cir. 2018) (quoting *Rousan v. Roper*, 436 F.3d 951, 958 (8th Cir. 2006)).

As set out above, Johnson was sentenced in May 2017 as a prior and persistent offender to a fifteen-year term of imprisonment for the offense of assault second degree committed in January 2013. In 2013, when Johnson committed the offense, assault second degree was a Class C felony under Missouri law. Mo. Rev. Stat. § 565.060.3 (2013). Persons who are convicted of a Class C felony and are persistent offenders are subject to a term of imprisonment authorized for an offense one class higher, that is, for a Class B felony. *See* Mo. Rev. Stat. § 558.016.7. The authorized term of imprisonment for a Class B felony is five to fifteen years. Mo. Rev. Stat. § 558.011.1(2).

By legislation that became effective January 1, 2017, assault second degree was downgraded to a Class D felony. Mo. Rev. Stat. § 565.052.3 (2017). Accordingly, under § 558.016.7, persistent offenders convicted of this offense are

subject to a sentence authorized for a Class C felony, which is a term of imprisonment of three to ten years. Mo. Rev. Stat. § 558.011.1(3). Johnson argues that because he was sentenced after the downgrade went into effect, he was entitled to be sentenced as a Class C offender to a term not exceeding ten years. Johnson argus that, therefore, his fifteen-year sentence is excessive under Missouri law and violates his right to due process and to be free from cruel and unusual punishment.

Addressing Johnson's claim on post-conviction appeal, the Missouri Court of Appeals held that under Missouri law, and specifically the relevant version of Mo. Rev. Stat. § 1.160, retroactive application of the amended sentencing provision was barred and that penalties for criminal offenses are fixed "as of the date the offense was committed[.]" (Resp. Exh. 5, ECF 7-5 at p. 8 (quoting *Fields v. Missouri Bd. of Prob. & Parole*, 559 S.W.3d 12, 17 (Mo. Ct. App. 2018)).) Because the sentencing provision of § 565.052 (2017) could not be retroactively applied to Johnson's 2013 offense, the court of appeals held that Johnson could not have obtained a reduced punishment under the statute and thus was not entitled to relief on his claim. (*Id.* at p. 9.)

The interpretation of state statutes – including whether changes are retroactive – is the role of state courts, not federal courts. *Pulley v. Harris*, 465 U.S. 37, 42 (1984); *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991). The state court here determined that § 565.052 was not retroactive and that Johnson's

fifteen-year sentence was therefore permissible under Missouri law in the circumstances of the case and did not exceed the statutory maximum for the offense committed. The state court's resolution of this question of state law is not reviewable in a federal habeas petition. *King v. Kelley*, 797 F.3d 508, 512 (8th Cir. 2015); *McDonald v. Bowersox*, 101 F.3d 588, 592 (8th Cir. 1996).

I am bound by the state court's interpretation of state law unless Johnson's conviction or sentence violates the United States Constitution or federal law. *McDonald*, 101 F.3d at 594. Here, Johnson was sentenced within the parameters of Missouri's punishment provision that was applicable to his offense. The sentence is valid under Missouri law, and Johnson has made no allegation that the state court's process in sentencing him was arbitrary or otherwise fundamentally unfair. *See id.* at 594 n.4; *see also Ogle v. McTighe*, No. CV 18-198-M-DCL-JCL, 2019 WL 1139835, at *2 (D. Mont. Jan. 11, 2019). Johnson's mere assertion that the state court's interpretation and application of state law violated his constitutional rights, with nothing more, does not transform a state law issue into a federal one. *Breckenridge v. Prudden*, No. 4:18-cv-00220-AGF, 2020 WL 7714611, at *2 (E.D. Mo. Dec. 29, 2020). *See also Cole v. Hopkins*, 56 F. App'x 742, 744 (8th Cir. 2003) ("Repackaging the claim in due process wrapping does not transform a state law issue into a federal claim.").

Johnson has not set forth any facts or argument from which I can conclude

that the alleged state law error rises to the level of a constitutional claim.  Nor can I see a constitutional violation resulting from the Missouri state court's interpretation of its own state law.  Accordingly, I am bound by the state court's holding that Johnson's sentence was valid under Missouri law.  *McDonald*, 101 F.3d at 594.  Although Johnson cursorily invokes his constitutional right to due process and to be free from cruel and unusual punishment, he does nothing more than disagree with the Missouri court's application of the sentencing statute.  This does state a cognizable claim for federal habeas relief.  Johnson's sole ground for habeas relief is therefore denied.

### Certificate of Appealability

Johnson has failed to make a substantial showing that he was denied a Federal constitutional right.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (for substantial showing, issues must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).  I will therefore not issue a Certificate of Appealability on any of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that Myles Strid is substituted for Scott Weber as proper party respondent in this action.

**IT IS FURTHER ORDERED** that petitioner Sean Ronald Johnson's

petition for writ of habeas corpus under 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner Johnson has not made a substantial showing of a denial of a constitutional right.

An appropriate Judgment is entered herewith.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2023.